E. F. HERTZBERG V. SAN ANTONIO TRACTION COMPANY.

Decided June 16, 1909.

**1.—Contributory Negligence—Charge—Assumption of Fact.**

It is only when an act is so directly and intimately related to the result as necessarily to have contributed to it that the court is authorized to assume the fact.

**2.—Same—Case Stated.**

Plaintiff testified in substance that as she was in the act, as she purposed, of stepping from the platform of a street car, to place her left foot on the next step below, she did not extend her foot far enough out to miss the platform, but her heel came down an inch or so upon the edge of the platform, and the heel of her shoe being caught and held in a V-shaped crack, tripped her and caused her to fall. Held, the negligence of the plaintiff, if any, so necessarily contributed to her injury that the failure of the court to charge the jury that if they found the plaintiff guilty of negligence in the manner of alighting from the car, they should further find that said negligence contributed to the injury before they could find for the defendant, was not reversible error.

**3.—Charge—Negligence and Contributory Negligence.**

In an action for damages for personal injury, the court charged the jury

that before they could find against the defendant they should find not only that it was guilty of negligence, but that such negligence contributed to the injury; upon the issue of contributory negligence, the court failed to require the jury to find that such negligence, if any, contributed to the injury. Held, the charge upon contributory negligence was not necessarily erroneous.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Carlos Bee,* for appellant.

*Ogden, Brooks & Napier,* for appellee.

JAMES, Chief Justice.—Appellant sued for damages for alleged injury to his wife, a passenger on appellee's railway. The petition alleged that a portion of the plank which constituted the car platform was broken leaving a place about two inches wide and about two inches long; that in alighting from the platform the heel of Mrs. Hertzberg's shoe caught in the broken place causing her to be thrown backward with such force as to cause the heel of her shoe to be pulled off and to be held in said broken place, resulting in her injury. The defendant pleaded general denial, and alleged that if Mrs. Hertzberg was injured it was caused by her own negligence in having on an unusually high-heeled shoe, and also in the manner in which she alighted from the car. There was a verdict for the defendant.

We are unable to sustain the third assignment of error, which, in substance, is that the verdict is against the evidence and against the overwhelming preponderance thereof. We conclude, upon the evidence in this record, that it was sufficient to support a finding either that defendant was not negligent or that plaintiff was guilty of contributory negligence.

The appeal hinges upon the second assignment of error, which reads: "The court erred in its charge to the jury in paragraph three of said charge, as follows: 'If you believe from the evidence that plaintiff's wife was guilty of negligence in the manner in which she alighted from the car at the time and under the circumstances she did, then you are instructed to find for the defendant. And by 'negligence' as used in this paragraph is meant the failure to use ordinary care; and by 'ordinary care' is meant such care as a person of ordinary prudence would have used under like circumstances;' because in said charge the court failed to charge the jury that the negligence of the wife of the plaintiff, if so found, must have contributed to the injury or have been a contributory cause of it, thus requiring a greater degree of care than was required of the defendant in paragraph two of the charge."

It will be seen that the charge directed a verdict for the defendant if the jury found that Mrs. Hertzberg was guilty of negligence in the manner in which she alighted from the car under the circumstances, assuming that if she was so negligent it contributed to her injury. The point is that the instruction was erroneous in not sub-

mitting to the jury the question whether or not such negligence contributed to her injury.

It is only where the act necessarily is so directly and intimately related to the result as necessarily to have contributed to it that the court is authorized to assume the fact.

Mrs. Hertzberg testified to the occurrence as follows: "I stood on the platform and threw a package I had in my hand to my little girl, who had already gotten off, and as I put my left foot down in the act of getting off the car, the heel caught in a defective place in the platform of the car, and Mrs. Scholz, who was right back of me, caught me by the shoulder as I was in the act of falling, and by doing so gave me time to hold on to the bar on the side of the car, and thus broke the fall, but did not break the force with which I came down on my right leg. My heel caught in the place on the platform. The hole was about two inches at the farthest part and narrowed back in a V shape, and in putting down my foot the heel of my shoe caught so that it was torn off of the shoe. I came down with such force on my right leg that it stunned me entirely. . . . The board protruded over this step and the hole was just about large enough to hold the heel and stick there until the car started off. The plank of the platform was worn away between two cracks so as to make that V shape. When I stepped in this place, or hole of the platform, I was in the act of getting off the car. The crack in the platform was right on the edge. The board came out and was worn into a V shape and the crack reached to the edge of the platform. The wide place of the crack was in front. The car was standing perfectly still when I was compelled to hop down the steps. I hopped down on to the first step, and then on the next one, and then on to the ground and my heel was still caught. I was going to descend just as I ordinarily would, and was going to take hold of the handrail, but as I missed the footing of my left foot reaching the step or destination I had intended it for, it threw me forward. I was standing with both feet on the platform and had hold of nothing, as I did not get hold of the handhold. I started to fall when I started to step down on the step and my heel caught. I was standing entirely on the platform and was just going to take hold of the handbar, and threw my bundle to my little girl in order to hold my dress and hold on to the bar, and while doing that was going to step forward to put down my left foot. I was perfectly unconscious that I was putting my left foot down when it caught on that place on the car, and when I noticed the foot would not go down on the step it threw me forward and Mrs. Scholz caught me by the shoulder."

The case that plaintiff thus presented by her testimony was that as she was in the act, as she purposed, of stepping from the platform, to place her left foot on the next step below, she did not extend her foot far enough out to miss the platform, but her heel came down an inch or so upon the edge of the platform, and the heel of her shoe being caught and held in the V shaped crack, tripped her and brought on her injury.

The railway company in having the platform with the crack in it

may have been guilty of negligence; this may have caused the injury and still it may not have been the sole cause. If Mrs. Hertzberg was guilty of negligence in stepping as she did in the act of alighting, it may have been a concurring cause of her injury. Undoubtedly the jury could have considered that it was not .the act of a careful person, the car being still, to not be more deliberate than she was in moving to the next step. True, she had the right to assume that the platform was safe and that she could put her foot down upon it anywhere without exposing herself to danger. But upon the case as made by her testimony she threw her body forward in the movement to the next step, and miscalculated where she was stepping, and placed her left foot upon the platform when she thought she was placing it upon the step. The jury could have found that this misstep or miscalculation, which was hers, was not the exercise of ordinary care under the circumstances. The jury could also have considered that to a person shod as Mrs. Hertzberg was, and stepping as she did with her heel on the edge of the platform as she moved forward, the accident would have happened even had there been no crevice in the platform. What would constitute ordinary care on her part under the circumstances was a question for the jury, and we entertain no doubt whatever that the jury were fully warranted by the evidence in finding her guilty of negligence in her act of alighting.

The question, however, is: Did plaintiff have the right to have it submitted to the jury for them to say whether or not her negligence contributed to her injury? The conduct of plaintiff, around which her contributory negligence centered in the matter of her alighting, was this misstep. She claimed and testified that the wrench she sustained proceeded directly from it, and we are unable to see how it could be claimed that it did not contribute to it, and, if it was a negligent act, why it would not bar a recovery. We, therefore, conclude that the assignment should be overruled.

Appellant seems to contend also that the instruction was erroneous because the court had charged in paragraph two that in order for plaintiff to recover the jury was to find that defendant had been negligent and that such negligence contributed to plaintiff's injury, hence it was unfair and discriminatory to not give plaintiff the benefit of a similar charge when it came to the issue of contributory negligence. We confess that what is fair for one ought to be fair for the other. But there is no assignment of error attacking the paragraph No. 2. Appellant practically asserts that it was right, and because it was right the charge on contributory negligence ought to have been framed to correspond with it in all particulars. Not believing there was any error in the latter charge, the judgment is affirmed.

*Affirmed.*